# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2014 Term

_____

No. 13-1086

_____

**FILED**

**October 2, 2014**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

THE BOARD OF EDUCATION OF WEBSTER COUNTY;
RUSSELL FRY, Acting Executive Director, WorkForce West Virginia;
JACK CANFIELD, Chairman, Board of Review;
GINO COLUMBO, Member, Board of Review;
LES FACEMYER, Member, Board of Review,
Respondents Below, Petitioners

v.

DAWN J. HANNA,
Petitioner Below, Respondent

_____

Appeal from the Circuit Court of Kanawha County
The Honorable Tod J. Kaufman, Judge
Civil Action No. 13-AA-64

REVERSED

_____

Submitted: September 17, 2014
Filed: October 2, 2014

Jill E. Hall, Esq.                                    Dan L. Hardway, Esq.
Bowles Rice, LLP                                Dan Hardway Law Office
Charleston, West Virginia                  Cowen, West Virginia
Counsel for the Petitioners                Counsel for the Respondent

JUSTICE KETCHUM delivered the Opinion of the Court.

**SYLLABUS BY THE COURT**

1.      "The findings of fact of the [Board of Review of WorkForce West Virginia] are entitled to substantial deference unless a reviewing court believes the findings are clearly wrong.  If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo*."  Syl. Pt. 3, *Adkins v. Gatson,* 192 W.Va. 561, 453 S.E.2d 395 (1994).

2.      "The word voluntarily as used in *W.Va. Code*, 21A–6–3(1) means the free exercise of the will."  Syl. Pt. 3, *Childress v. Muzzle*, 222 W.Va. 129, 663 S.E.2d 583 (2008).

3.      "The term 'good cause' as used in *W.Va. Code*, 21A–6–3(1) means cause involving fault on the part of the employer sufficient to justify an employee's voluntarily leaving the ranks of the employed and joining the ranks of the unemployed."  Syl. Pt. 4, *Childress v. Muzzle*, 222 W.Va. 129, 663 S.E.2d 583 (2008).

**Justice Ketchum:**

This is an appeal by the Board of Education of Webster County ("School Board") from an order of the Circuit Court of Kanawha County. The circuit court reversed the Board of Review of WorkForce West Virginia ("WorkForce") and ruled that Dawn J. Hanna ("Hanna") was entitled to unemployment compensation benefits under *W.Va. Code* § 21A-6-3(1) [2012]. The School Board appeals the circuit court's order, contending that Hanna is disqualified from receiving unemployment compensation benefits because she voluntarily quit her job. Upon review of the record, we reverse the circuit court's order and reinstate WorkForce's determination that Hanna is disqualified from receiving unemployment compensation benefits.

**I.**
**FACTUAL AND PROCEDURAL BACKGROUND**

*A. Hanna's Employment with the School Board*

Hanna worked for the School Board as a teacher from August 1989 until she resigned in December 2012. During the 2011-2012 school-year, she supervised a student cookbook fundraiser. As supervisor, Hanna was to submit the fundraiser proceeds to the school.

At the beginning of the 2012-2013 school-year, it was discovered that $1,005 of the fundraiser proceeds were missing. The School Board conducted an investigation into the matter and alerted the prosecuting attorney's office. An assistant prosecutor conducted a separate investigation into the missing funds.

1

Upon Hanna's return from a two-month sick-leave, on December 10, 2012, the principal at Hanna's school called her to his office where a state trooper was waiting to speak with her. The state trooper questioned her about the missing money, and Hanna responded by denying that she took the money.

Four days later, the assistant prosecutor requested that Hanna meet with her. At the meeting, Hanna learned that she would be charged with felony embezzlement, but that she could avoid prosecution by resigning from her position and paying back the missing funds. The assistant prosecutor stated that she gave Hanna these options because the School Board preferred that Hanna not be prosecuted, but rather, that she resign. The assistant prosecutor gave Hanna four days to decide whether or not to resign.

Pursuant to her discussion with the assistant prosecutor, Hanna resigned from her position four days later. She described her decision to resign as follows: "I was given this option by [the assistant prosecutor] . . . I chose to quit." Hanna thereafter applied for unemployment benefits.

### B. Procedural History

On January 10, 2013, a deputy with WorkForce's Unemployment Compensation Division determined that Hanna was disqualified from receiving unemployment compensation benefits under *W.Va. Code* § 21A-6-3(1). The statute states, in pertinent part, that employees are disqualified from receiving unemployment compensation benefits when they leave work "voluntarily without good cause involving fault on the part of the employer[.]"

2

Hanna appealed the disqualification. Thereafter, an administrative law judge took Hanna's testimony at a telephonic hearing. The administrative law judge affirmed the deputy's decision on the ground that: "If the claimant had not resigned her employment, [she] could have remained employed as a teacher." The administrative law judge also determined that instead of contesting the charges against her, she voluntarily chose to resign in order to avoid felony prosecution. The WorkForce Board of Review adopted the administrative law judge's decision.

Hanna appealed WorkForce's decision to the Circuit Court of Kanawha County. The circuit court reversed WorkForce's determination that Hanna resigned voluntarily. Instead, it found that Hanna acted under duress and that her decision to resign was not voluntary. The circuit court's discussion on the issue of voluntariness is as follows: "[Hanna] was under duress with only four days to make a decision without counsel." The circuit court also found that the School Board's involvement in Hanna's duress constituted good cause involving fault on the part of her employer.

The School Board now appeals the circuit court's order, asserting that the court failed to give substantial deference to its finding that Hanna's resignation was voluntary.

## II.
## STANDARD OF REVIEW

This Court has held: "The findings of fact of the [Board of Review of WorkForce West Virginia] are entitled to substantial deference unless a reviewing court

believes the findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo*." Syl. Pt. 3, *Adkins v. Gatson*, 192 W.Va. 561, 453 S.E.2d 395 (1994).

Unemployment compensation claims are to be liberally construed in favor of employees due to the remedial nature of the unemployment compensation statutes. *Childress v. Muzzle*, 222 W.Va. 129, 133, 663 S.E.2d 538, 587 (2008). However, "[I]t is also important for the Court to protect the unemployment compensation fund against claims by those not entitled to the benefits of the Act." *Id.*, 222 W.Va. at 133, 663 S.E.2d at 587. Likewise, "[W]e believe that the basic policy and purpose of the Act is advanced . . . when benefits are denied to those for whom the Act is not intended to benefit[.]" *Id.*, 222 W.Va. at 133, 663 S.E.2d at 587.

### III.
### ANALYSIS

Hanna argues that she did not voluntarily resign from her position at the School Board because she was acting under duress. "Voluntarily" as used in the context of qualification for unemployment benefits means "the free exercise of the will." Syl. Pt. 3, *Childress*, 222 W.Va. 129, 663 S.E.2d 583.

The administrative law judge noted in his opinion that, "[I]f the claimant had not resigned her employment, the claimant could have remained employed as a teacher." The administrative law judge also noted that Hanna resigned in order to avoid felony prosecution, instead of contesting the charges against her. WorkForce's finding as

to Hanna's voluntariness is supported by Hanna's testimony stating, "I was given the option to quit or be discharged. . . . I chose to quit."

Hanna argues that WorkForce was clearly wrong because she was acting under duress when she resigned. A person is under duress when he or she is "prevented from exercising his free will by reason of threats made by the other, and that the contract is obtained by reason of such fact." *Mach. Hauling, Inc. v. Steel of W. Va.*, 181 W.Va. 694, 698-99, 384 S.E. 2d 139, 143-44 (1989). Hanna therefore asserts that the circuit court was correct to substitute its own factual findings for WorkForce's.

Our law is clear that the issue of whether a decision was made under duress is a question of fact, not law. *Mach. Hauling*, 181 W.Va. at 698, 384 S.E. 2d at 143 ("[T]he question of duress is one of fact[.]"); Syl. Pt. 2, *Bank of Clinchburg v. Carter*, 101 W.Va. 669, 133 S.E. 370 (1926) ("The defense of duress is ordinarily a question for the jury, to be determined from all the facts and circumstances in the particular case."); Syl. Pt. 3, *Carroll v. Fetty*, 121 W.Va. 215, 2 S.E.2d 521 (1939) ("[D]uress . . . generally presents a question of fact for the jury."); *Arnold v. Turek*, 185 W.Va. 400, 407-08, 407 S.E.2d 706, 713-14 (1991) (quoting Syl. Pt. 3, *Carroll*, 121 W.Va. 215, 2 S.E.2d 521). Therefore, the circuit court's order substituting its judgment for WorkForce's cannot stand unless WorkForce was clearly wrong. *See* Syl. Pt. 1, *Childress*, 222 W.Va. 129, 663 S.E.2d 583.

We cannot say that WorkForce was clearly wrong in finding that Hanna resigned without duress. In fact, the record directly contradicts the circuit court's claim that Hanna had only four days to seek counsel, which was based on the fact that the

5

assistant prosecutor gave her four days to decide whether to resign. Hanna already knew about the potential charges against her when she met with the assistant prosecutor due to her prior encounter with the state trooper in the principal's office.

Due to the accusations against her, Hanna could have been charged with felony embezzlement. Instead, the assistant prosecutor gave her an opportunity to avoid felony prosecution. The School Board was under no duty to provide this opportunity, and Hanna accepted it.[1] Hanna is arguably in a better position now due to the assistant prosecutor's offer.[2]

Based on the record, we cannot say that WorkForce was clearly wrong in finding that Hanna resigned voluntarily and without duress, and we find that the circuit court erred by substituting its judgment for that of the fact finder. *See* Syl. Pt. 1, *Darby v. Kanawha Cnty. Bd. of Educ.,* 227 W.Va. 525, 711 S.E.2d 595 (2011) ("Since a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing

---

[1] *See e.g., Seacrist v. City of Cottage Grove*, 344 N.W.2d 889, 891 (Minn. Ct. App. 1984) ("[W]hen an employee, in the face of allegations of misconduct, chooses to leave his employment rather than exercise his right to have the allegations determined, such action supports a finding that the employee voluntarily left his job without good cause.").

[2] For example, a felony conviction would have rendered Hanna ineligible for retirement benefits. *See W.Va. Code* § 5-10A-1 [1976] ("[H]onorable service is a condition to receiving any . . . benefit under a retirement plan."); *W.Va. Code* § 5-10A-2(f) [2008] ("'Less than honorable service' means: . . . (2) Conviction of a participant or former participant of a felony for conduct related to his or her office or employment[.]").

6

examiner with regard to factual determinations."). Therefore, we affirm WorkForce in its finding that Hanna resigned voluntarily.[3]

# IV.
# CONCLUSION

We cannot say that WorkForce was clearly wrong when it found that Hanna resigned voluntarily. Therefore, the circuit court erred in reversing WorkForce's findings. We reverse the circuit court's order and reinstate WorkForce's decision, determining that Hanna is disqualified from receiving unemployment compensation benefits.

Reversed.

---

[3] Hanna also argues that the School Board's involvement in her decision to resign constitutes good cause involving fault on the part of her employer. Because the Board was not clearly wrong in finding that Hanna made her decision without duress, we decline to consider that argument. *See* Syl. Pt. 1, *Amherst Coal Co. v. Hix*, 128 W.Va. 119, 35 S.E.2d 733 (1945) ("Customary working conditions not involving deceit or other wrongful conduct on the part of the employer are not a sufficient reason for an employee to leave his most recent work voluntarily[.]").