# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Edwin E. Staats, Petitioner Below,**
**Petitioner**

**FILED**

October 20, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 15-0227** (Kanawha County 14-AA-69)

**Jackson County Board of Education,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Edwin E. Staats, by counsel John Everett Roush, appeals the Circuit Court of Kanawha County's February 9, 2015, order affirming the West Virginia Public Employee Grievance Board's ("Grievance Board") June 13, 2014, order denying his grievance. Respondent Jackson County Board of Education, by counsel Howard E. Seufer Jr. and Joshua A. Cottle, filed a response. Petitioner filed a reply. On appeal, petitioner alleges that the administrative law judge erred in finding that the time he spent between dropping students off and picking them up from the local vocational school did not count as hours worked.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is employed as a school bus operator by respondent. In addition to his regular duties as a school bus operator, respondent also employed petitioner to provide transportation for students from the county's two high schools to the vocational school for a morning session. Per respondent's policies, the bus must remain at the vocational school until the students are to return several hours later. Petitioner is free to leave the vocational school, but it is located in a remote area, and petitioner alleged he has no practical way of leaving the vocational school's premises. Prior to March 7, 2013, petitioner and other bus operators who transported students to the vocational school would take one bus into town to run errands and return in time to pick up the students. However, in a memorandum dated March 7, 2013, the Assistant Superintendent for respondent stated that this violated applicable policies and that the bus operators were to remain at the vocational school during the time between transporting students. By memorandum dated April 10, 2013, the Assistant Superintendent clarified that his earlier memorandum, stating that only the buses had to remain on the vocational school's premises. According to the Assistant Superintendent, the bus operators were free to leave the premises while waiting to transport the students from the vocational center.

1

In March of 2013, petitioner filed a grievance against respondent seeking to have the time he spent waiting between trips to and from the local vocational center counted as hours worked. Following a Level One conference, the Superintendent for respondent granted, in part, and denied, in part, petitioner's grievance by letter dated April 29, 2013. The grievance was granted, in part, for the period of March 7, 2013, through April 13, 2013, based upon the fact that bus operators were required to stay on the premises during this time period.

On August 8, 2013, a Level Two mediation was held, which ultimately proved unsuccessful. Petitioner filed for a Level Three grievance shortly thereafter. The Level Three hearing was held in December of 2013, after which the Administrative Law Judge denied the grievance upon a finding that the approximately two hours of downtime between transporting the students to and from the vocational center was not considered hours worked. Petitioner thereafter appealed this decision to the circuit court. On appeal to the circuit court, petitioner argued that West Virginia Code § 18A-4-8(q) required that his down time on the vocational school's premises must be considered hours worked. Ultimately, the circuit court affirmed the Grievance Board's decision. It is from that order that petitioner appeals.

We have previously established the following standard of review:

> "Grievance rulings involve a combination of both deferential and plenary review. Since a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly entitled to deference. Plenary review is conducted as to the conclusions of law and application of law to the facts, which are reviewed de novo." Syllabus Point 1, *Cahill v. Mercer County Bd. of Educ.*, 208 W.Va. 177, 539 S.E.2d 437 (2000).

Syl. Pt. 1, *Darby v. Kanawha County Bd. of Educ.*, 227 W.Va. 525, 711 S.E.2d 595 (2011). Upon our review, the Court finds no error in the circuit court's decision below. Specifically, petitioner's argument on appeal mirrors that raised before the circuit court; namely that, pursuant to West Virginia Code § 18A-4-8(q), his time spent between transporting students to and from the vocational school must be considered hours worked.

Upon our review and consideration of the circuit court's order, the parties' arguments, and the record submitted on appeal, we find no error or abuse of discretion by the circuit court. Our review of the record supports the circuit court's decision to affirm the administrative law judge's ruling based upon the specific findings and petitioner's arguments on appeal, which were also argued below. Indeed, the circuit court's order includes well-reasoned findings and conclusions as to the assignments of error raised on appeal. Given our conclusion that the circuit court's order and the record before us reflect no error, we hereby adopt and incorporate the circuit court's findings and conclusions as they relate to petitioner's assignments of error raised herein and direct the Clerk to attach a copy of the circuit court's February 9, 2015, "Final Order" to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: October 20, 2015

**CONCURRED IN BY**:

Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISQUALIFIED:**

Chief Justice Margaret L. Workman

IN THE CIRCUIT COURT OF KANAWHA COUNTY WEST VIRGINIA

EDWIN E. STAATS,
     Appellant,

v.

Civil Action No. 14-AA-69
Judge Tod J. Kaufman

JACKSON COUNTY BOARD OF EDUCATION,
     Appellee,

## FINAL ORDER

Before the Court is the Petitioner's ("Grievant") *Petition for Appeal* filed on July 14, 2014, alleging that the West Virginia Public Employees Grievance Board erred in its decision of June 13, 2014. Grievant, a school bus operator, specifically alleges that the Administrative Law Judge ("ALJ") erred in determining that the period of time at issue — approximately two hours between the transportation of students to and from a vocational center — is not considered hours worked by the Grievant for the purposes for calculating overtime pay. Grievant concedes that this time may not be considered hours worked under the Fair Labor Standards Act and, therefore, does not appeal on these grounds. Instead, Grievant appeals under the assertion that this time should be calculated as hours worked pursuant to West Virginia Code §18A-4-8(q).

## FACTUAL AND PROCEDURAL HISTORY

1.    Grievant, Edwin E. Staats, is employed as a regular bus operator by the Board of Education of the County of Jackson ("Respondent").

2.    Grievant's work day begins at the local bus garage where Grievant pre-trips his bus, then makes his assigned morning run and returns to the bus garage.

3.    Upon returning to the bus garage, Grievant then makes a daily extracurricular "vocational run," transporting students from Ravenswood High School to the Roane-Jackson Technical Center

("Vocational Center"). Approximately two hours later, Grievant transports the students from the Vocational Center back to Ravenswood High School.

4. After transporting the students back to the high school, Grievant returns to the bus garage to make his assigned afternoon run. After this run, he again returns to the bus garage, post-trips his bus, and concludes his work day.

5. Grievant is paid twenty-five dollars ($25.00) per day for the extracurricular vocational run. He does not challenge this compensation.

6. During the period of approximately two hours that the students are at the Vocational Center, Respondent requires that the bus operated by Grievant remains on location. However, Respondent alleges that Grievant is not on work time.

7. Grievant is free to leave the center, but given the remote location of the vocational center, Grievant must remain on location as no other means of transportation are available to him and there are no points of interest within walking distance.

8. Additionally, there is no lunch room or staff lounge at the Vocational Center where the bus operators can gather during this time. Instead, they must wait on theirs buses, even during cold weather, or linger in the lobby, until it is time to transport the students back to their respective schools.

9. Prior to March 7, 2013, Grievant and other bus operators who transported other high school students to the Vocational Center, would take one bus back to town, drop off paperwork at the Board office or refuel the bus, and stop for breakfast before returning to the center to transport the students back to their respective high schools.

10. After receiving complaints, Assistant Superintendent Dave Moore informed bus operators, by a memorandum dated March 7, 2013, that this practice violated applicable policies and they were to now remain at the Vocational Center during the time period between transporting students. Referring to the Vocational Center and another location, this memorandum also stated that "[b]uses are not to leave those locations unless authorized by the Transportation Office."

2

11. In the initial grievance filed March 27, 2013, Grievant stated that the "[t]ime that [he] is required to wait at the vocational school is not counted as 'work time'" and "contend[ed]" that this time is compensable or work time under applicable wage and hour laws and regulations." A Level One conference on this grievance was held on April 9, 2013.

12. By memorandum dated April 10, 2013, Assistant Superintendent Moore stated that he had misinformed the bus operators in his March 7, 2013 memorandum when he indicated that they were required to remain at the Vocational Center. He clarified that the bus operators were, in fact, free to leave the premises, however, their buses were required to remain on-site until the students were to be transported back to their respective schools.

13. By letter dated April 29, 2103, the parties were informed that as a result of the Level One conference below, Superintendent Blaine Hess partially granted the grievance for the time period between the March 7, 2013 and April 13, 2013 based upon the fact that during this period of time the bus operators were required to remain at the Vocational Center between transporting students. However, the grievance was partially denied as to all days before and after this period of time.

14. Grievant appealed this partial denial to Level Two on May 13, 2013 and an unsuccessful mediation was conducted on August 8, 2013.

15. Grievant perfected his appeal to Level Three on August 15, 2013, amending the grievance to assert that the "time spent between transportation of the students to and from the vocational school is 'work' time under the applicable wage and hour laws and W. Va. Code 18A-4-8(q)." A hearing was held on December 20, 2013, and in a decision filed on June 13, 2014, the ALJ denied the remainder of his grievance.

16. Grievant filed the present timely appeal with this Court on July 14, 2014 under the Administrative Procedures Act.

## STANDARD OF REVIEW

West Virginia Code § 6C-2-5(b) provides the grounds upon which a decision by the Board may be reviewed for error by a Circuit Court. Specifically, West Virginia Code § 6C-2-5(b) provides that:

> A party may appeal the decision of the administrative law judge on the grounds that the decision:
> (1) Is contrary to law or a lawfully adopted rule or written policy of the employer;
> (2) Exceeds the administrative law judge's statutory authority;
> (3) Is the result of fraud or deceit;
> (4) Is clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or
> (5) Is arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

The Court shall "review the entire record that was before the administrative law judge." *See* West Virginia Code § 6C-2-5(c). A circuit court must show deference to the Board's findings of fact. *See* Syl. pt. 2, *Maikotter v. University of West Virginia Bd. of Trustees/West Virginia University*, 206 W.Va. 691,692, 527 S.E.2d 802,803 (1999) (emphasis added). *See also Muscatell v. Cline*, 474 S.E.2d 518, 525 (1996).

A final order of an administrative law judge of the West Virginia Public Employees Grievance Board, based upon findings of fact, should not be reversed unless clearly wrong. *See generally*, Syl. Pt. 1, *Randolph County Bd. of Educ. v. Scalia*, 182 W.Va. 289, 387 S.E.2d 524 (1989).[1]

## DISCUSSION

As required by the Administrative Procedures Act, this Court gives deference to, and in the present case, fully adopts the ALJ findings of facts. Though Grievant does not object to his compensation for his extracurricular run, Grievant argues that his time spent at the Vocational Center

---

[1] *See also* Syl. Pt. 1, *Martin v. Randolph County Board of Education*, 195 W.Va. 297, 465 S.E.2d 399 (1995); Syl. Pt. 1, *Bolyard v. Kanawha County Board of Education*, 194 W.Va. 134, 459 S.E.2d 411 (1995); Syl. Pt. 1, *Ohio County Board of Education v. Hopkins*, 193 W.Va. 600, 457 S.E.2d 537 (1995); Syl. Pt. 3, *Lucion v. McDowell County Board of Education*, 191 W.Va. 399, 446 S.E.2d 487 (1994); Syl. Pt. 1, *Department of Natural Resources v. Myers*, 191 W.Va. 72, 443 S.E.2d 229 (1994); Syl. Pt. 1, *Department of Health v. Blankenship*, 189 W.Va. 342, 431 S.E.2d 681 (1993); Syl. Pt. 3, *Butcher v. Gilmer County Board of Education*, 189 W.Va. 253, 429 S.E.2d 903 (1993).

4

between transporting students should be counted as hours worked. Such a ruling would not result in any additional compensation for Grievant unless his total hours worked per week exceeds the overtime threshold of forty hours. Thus, the purpose of his request is to have these hours counted as work time for the determination of overtime compensation.

### I.  Burden of Proof

As this grievance does not involve a disciplinary matter, Grievant has the burden of proving his grievance by a preponderance of the evidence. Procedural Rule of the W. Va. Public Employee's Grievance Bd., 156 C.S.R. 1 § 3 (2008); *Burkhart v. Ins. Comm'n*, Docket No. 2010-1303-DOR (Dec. 7, 2011); *Howell v. W. Va. Dep't of Health & Human Res.*, Docket No. 89-DHS-72 (Nov 29, 1990).

> A preponderance of the evidence is evidence of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not. It may not be determined by the number of the witnesses, but by the greater weight of the evidence, which does not necessarily mean the greater number of witnesses, but the opportunity for knowledge, information possessed, and manner of testifying determines the weight of the testimony.

*Petry v. Kanawha County Bd. of Educ.*, Docket No. 96-20-380 (Mar. 18, 1997). In other words "[t]he preponderance standard generally requires proof that a reasonable person would accept as sufficient that a contested fact is more likely true than not." *Leighliter v. W.Va Dep't of Health & Human Res.*, Docket No. 92-HHR-486 (May 17, 1993). Where evidence equally supports both sides, Grievant has not met his burden. *Id.*

### II.  Fair Labor Standards Act

Though Grievant does not appeal on the basis of the Fair Labor Standards Act ("FLSA"), this Act, as interpreted by 5 C.F.R. § 551.431(a) directly addresses the issue of geographic isolation in the determination of the number of hours worked, and supports the Respondent's position:

> (1) An employee is on duty, and time spent on standby duty is hours of work if, for work-related reasons, the employee is restricted by official

5

order to a designated post of duty *and* is assigned to be in a state of readiness to perform work with limitations on the employee's activities so substantial that the employee cannot use the time effectively for his or her own purposes. A finding that an employee's activities are substantially limited may not be based on the fact that an employee is subject to restrictions necessary to ensure that the employee will be able to perform his or her duties and responsibilities, such as restrictions on alcohol consumption or use of certain medications.

(2) *An employee is not considered restricted for "work-related reasons"* if, for example, the employee remains at the post of duty voluntarily, or *if the restriction is a natural result of geographic isolation* or the fact that the employee resides on the agency's premises. For example, in the case of an employee assigned to work in a remote wildland area or on a ship, *the fact that the employee has limited mobility when relieved from duty would not be a basis for finding that the employee is restricted for work-related reasons.*

5 C.F.R. § 551.431(a) (emphasis added). Furthermore, 29 C.F.R. § 785.16, which addresses the meaning of the term "off duty," plainly states that:

(a) General. Periods during which an employee is completely relieved from duty and which are long enough to enable him to use the time effectively for his own purposes are not hours worked. *He is not completely relieved from duty and cannot use the time effectively for his own purposes unless he is definitely told in advance that he may leave the job and that he will not have to commence work until a definitely specified hour has arrived.* Whether the time is long enough to enable him to use the time effectively for his own purposes depends upon all of the facts and circumstances of the case.

29 C.F.R. § 785.16(a) (emphasis added).

Consistent with these regulations, the Grievance Board has previously held that a bus operator's time between transporting students to a location and picking them back up does not count as hours worked under the wage and hour laws if the bus operator is on his own personal time, free to leave or perform personal obligations, and not encumbered by duties or responsibilities to the school board, and if his time to report back to resume his duties is a set time and predictable. *See Robinson v. Barbour County Bd. of Educ.*, Docket No. 06-01-085 (Aug. 29, 2006); *Teller/Nelson v. Hancock County Bd. of Educ.*, Docket No. 98-15-299 (Nov. 28, 1998); *O'Connor v. Marion County Bd. of Educ.*, Docket No. 92-24-201 (Oct. 19, 1992). Under these standards, the Grievance Board has

6

excluded from bus operator's "hours worked" a period as short as forty-five minutes. *O'Connor v. Marion County Bd. of Educ.*, Docket No. 92-24-201 (Oct. 19, 1992). In the present case, Grievant's "down-time" amounts to nearly two-hours per day during which he is not required to perform any job duties, remain with his bus, or remain on school grounds. He is allowed to spend this time for his own purposes, however he chooses. Therefore, under the FLSA, this time is not, and in the present case is not contested to be, hours worked.

### III. West Virginia Code § 18A-4-8(q)

As Grievant concedes that the FLSA does not require that Grievant's time between transporting students to and from the Vocational Center to be counted as hours worked, Grievant asserts that these hours should be considered pursuant to West Virginia Code § 18A-4-8(q), which states that:

> Without the written consent of the service person, a county board may not establish the beginning work station for a bus operator or transportation aid at any site other than a county board-owned facility with available parking. *The workday of the bus operator or transportation aide commences at the bus at the designated beginning work station and ends when the employee is, able to leave the bus at the designated beginning work station,* unless he or she agrees otherwise in writing. The application or acceptance of a posted position may not be construed as the written consent referred to in this subsection.

West Virginia Code § 18A-4-8(q) (emphasis added). Grievant asserts that as his work station is the bus garage, where he begins work at 6:00 a.m. and is not finished with his morning duties and able to leave until 11:45 a.m. Accordingly, Grievant argues that West Virginia Code § 18A-4-8(q) would require that the entire of the time between 6:00 a.m. and 11:45 a.m., including the approximately two hours between transporting students to and from the Vocational Center, be counted as work time. Grievant cites no additional authority for this position.

Therefore, the time between the transporting students to and from the Vocational Center cannot be considered "hours worked" under this statute as this legislation did not change the longstanding rule, based on the federal FLSA, under which an employee's personal time does not qualify as "hours

7

worked." *See* 29 C.F.R. § 785.16 (interpreting Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*); *see also* 5 C.F.R. § 551.431(a).

## RULING

After carefully considering the Petitioner's petition, the record, Petitioner's brief, Respondent's response, and the relevant law, the Court finds that the ALJ did not err in determining the period of time at issue – approximately two hours between the transportation of students to and from a vocational center – is not considered hours worked by the Grievant for the purposes for calculating overtime pay. and hereby **AFFIRMS** the decision of the Administrative Law Judge below. This matter is hereby **DISMISSED** and **STRICKEN** from the docket of the Circuit Court.

The Circuit Clerk shall send certified copies of this Final Order to all counsel of record:

Chriceous Reynolds, Secretary
WV Public Employees Grievance Board
1596 Kanawha Boulevard, East
Charleston, West Virginia 25311

Howard E. Seufer, Jr., Esquire
Bowles Rice McDavid Graff & Love, LLP
P.O. Box 1386
Charleston, WV 25325

John Everett Roush, Esquire
WV School Service Personnel Association
1610 Washington Street, East
Charleston, WV 25311

Enter this Order this ___ day of February, 2015.

Tod J. Kaufman, Circuit Court Judge for
Kanawha County

STATE OF WEST VIRGINIA
COUNTY OF KANAWHA, SS
I, CATHY S. GATSON, CLERK OF CIRCUIT COURT OF SAID COUNTY
AND IN SAID STATE, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE COPY FROM THE RECORDS OF SAID COURT
GIVEN UNDER MY HAND AND SEAL OF SAID COURT THIS
DAY OF _____ February 2015
_____ CLERK
CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

8