# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Wanda R. Williams, Petitioner Below,**
**Petitioner**

**FILED**

October 20, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 14-0958** (Kanawha County 14-AA-39)

**Raleigh County Board of Education,**
**Respondent Below, Respondent**


## MEMORANDUM DECISION

Petitioner Wanda R. Williams, by counsel John Everett Roush, appeals the Circuit Court of Kanawha County's August 20, 2014, order affirming the decision of the administrative law judge following a Level Three hearing of the West Virginia Public Employee Grievance Board. Respondent Raleigh County Board of Education, by counsel Howard E. Seufer Jr. and Christopher L. Edwards, filed a response. On appeal, petitioner alleges that the circuit court erred in finding that her duties that qualified as accounts payable in nature did not constitute her primary duties and that certain other of her duties were not accounts payable in nature.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

By letter dated December 12, 2012, petitioner requested a reclassification of her job title. Respondent employed petitioner in its purchasing department as a Secretary III/Accountant III since December of 2010. In that position, petitioner's immediate supervisor is Phillip Jarrell, the Director of Purchasing for that department. Petitioner's job is to complete purchase orders and to receive and reconcile invoices. Petitioner does not supervise any employees. In her letter, petitioner requested to be reclassified as a Secretary III/Accountant III/Accounts Payable Supervisor because she believed she met "the responsibilities and requirements" necessary to be reclassified.

In January of 2013, Superintendent James G. Brown responded to petitioner's letter with a denial based upon a review of her current employment responsibilities, work history, and solicited input from Director Jarrell. According to Superintendent Brown, he was unable to confirm that petitioner performed accounts payable functions such that reclassification was warranted. The following month, petitioner filed a Level One grievance and claimed Superintendent Brown should have granted the reclassification. The grievance also included a twenty-point list of duties petitioner claimed to perform that she maintained qualified her for the

1

position of Accounts Payable Supervisor. That same month, Superintendent Brown conducted a Level One hearing and denied the grievance by decision dated March 18, 2013.

In July of 2013, a Level Two mediation was held. After it proved unsuccessful, petitioner appealed to the West Virginia Public Employee's Grievance Board (Grievance Board) at Level Three. The Grievance Board denied petitioner's grievance by decision dated April 7, 2014. The Grievance Board specifically found that "[b]y design, the receiving and processing of invoices is separate from the paying of accounts. This separation of duties creates a system of checks and balances to ensure accounting is being performed properly." Petitioner then appealed the decision to the circuit court. By order entered on August 20, 2014, the circuit court affirmed the Grievance Board's decision. It is from that order that petitioner appeals.

We have previously established the following standard of review:

> "Grievance rulings involve a combination of both deferential and plenary review. Since a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly entitled to deference. Plenary review is conducted as to the conclusions of law and application of law to the facts, which are reviewed de novo." Syllabus Point 1, *Cahill v. Mercer County Bd. of Educ.*, 208 W.Va. 177, 539 S.E.2d 437 (2000).

Syl. Pt. 1, *Darby v. Kanawha County Bd. of Educ.*, 227 W.Va. 525, 711 S.E.2d 595 (2011). Upon our review, the Court finds no error in the circuit court decision below. Specifically, petitioner's argument on appeal turns on factual findings made by the administrative law judge concerning specific aspects of her job duties. This includes findings that of the duties petitioner performed that can be classified as accounts payable in nature, such duties were not the primary portion of petitioner's duties, and that other duties petitioner performed were not classified as accounts payable in nature. The record is clear that petitioner raised these arguments before the circuit court, and we find that the circuit court did not err in affirming the Grievance Board's decision.

Upon our review and consideration of the circuit court's order, the parties' arguments, and the record submitted on appeal, we find no error or abuse of discretion by the circuit court. Our review of the record supports the circuit court's decision to affirm the administrative law judge's findings, which were also argued below. Indeed, the circuit court's order includes well-reasoned findings and conclusions as to the assignments of error raised on appeal. Given our conclusion that the circuit court's order and the record before us reflect no clear error, we hereby adopt and incorporate the circuit court's findings and conclusions as they relate to petitioner's assignments of error raised herein and direct the Clerk to attach a copy of the circuit court's August 20, 2014, "Final Order" to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: October 20, 2015

**CONCURRED IN BY**:

Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISQUALIFIED:**

Chief Justice Margaret L. Workman

WANDA R. WILLIAMS,

      Petitioner,

v.

                                          Civil Action No. 14-AA-39
                                          Judge James C. Stucky

RALEIGH COUNTY BOARD OF
EDUCATION,

      Respondent.

## FINAL ORDER

Petitioner Wanda R. Williams (*hereinafter* "Petitioner") petitions the level three decision of the West Virginia Public Employees Grievance Board entered April 7, 2014, denying the grievance against Respondent Raleigh County Board of Education (*hereinafter* "Respondent").

Petitioner filed a grievance against Respondent on February 8, 2013, seeking a reclassification of her position to Secretary III/Accountant III/Accounts Payable Supervisor. Petitioner's level one grievance was denied. Petitioner's level two mediation was unsuccessful, and the parties agreed to submit this grievance for appeal based upon the level one hearing record.

By decision dated April 7, 2014, the administrative law judge denied this Grievance, finding that Petitioner has not proved by a preponderance of the evidence that her position meets the statutory definition of the classification title of Accounts Payable Supervisor found in West Virginia Code § 18A-4-8(i)(7).

Pursuant to West Virginia Code § 6C-2-5, Petitioner appealed the level three decision to this Court. A circuit court may reverse, vacate or modify the administrative law judge's decision

1

if the circuit court determines the decision is any of the following:

> (1) is contrary to law or lawfully adopted rule or written policy of the employer;
> (2) exceeds the administrative law judge's statutory authority;
> (3) is the result of fraud or deceit;
> (4) is clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or
> (5) is arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 6C-2-5 (*formerly* W. Va. Code, § 18-29-7).

The West Virginia Supreme Court of Appeals held "that a final order of the hearing examiner for the West Virginia Educational Employees Grievance Board, made pursuant to W. Va. Code, § 18-29-1, *et seq.* . . . and based upon findings of fact, should not be reversed unless clearly wrong." Syl. pt. 1, *Randolph County Bd. of Educ. v. Scalia*, 182 W. Va. 289, 387 S.E.2d 524 (1989).

Further, the Supreme Court has stated the following:

"Grievance rulings involve a combination of both deferential and plenary review. Since a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly entitled to deference. Plenary review is conducted as to the conclusions of law and applications of law to the facts, which are reviewed *de novo*." Syllabus point 1, *Cahill v. Mercer County Board of Education*, 208 W. Va. 177, 539 S.E.2d 437 (2000).

Syl. pt. 1, *Alderman v. Pocahontas Co. Bd. of Educ.*, 223 W. Va. 431, 675 S.E.2d 907 (2009).

## FACTS AND DISCUSSION

As this grievance does not involve a disciplinary matter, Petitioner has the burden of proving her grievance by a preponderance of the evidence. Procedural Rules of the Public Employees Grievance Bd. 156 C.S.R. 1 § 3 (2008); *Howell v. W. Va. Dep't of Health & Human Res.*, Docket No. 89-DHS-72 (Nov. 29, 1990). "The preponderance standard generally requires

2

proof that a reasonable person would accept as sufficient that a contested fact is more likely true than not." *Leichliter v. W. Va. Dep't of Health & Human Res.*, Docket No. 92-HHR-486 (May 17, 1993).

Since December of 2010, Petitioner has been employed by Respondent as a Secretary III/Accountant III in Respondent's Purchasing Department. On approximately December 12, 2012, Petitioner requested that she be reclassified to the title of Secretary III/Accountant III/Accounts Payable Supervisor. On January 8, 2013, Superintendent James Brown denied her request.

The administrative law judge found that Petitioner spends about half of her time processing purchase orders. She found that Petitioner also receives, reconciles, and processes invoices for credit cards, cell phones, filters, garbage service, and copier maintenance. The invoices are then sent to Phillip Jarrell, Petitioner's supervisor and Director of Purchasing.

The administrative law judge found that once Mr. Jarrell approves the invoices, they are then sent to Donna McDaniel, Secretary III/Accountant II for Accounts Payable in the Business Department. Michael Click is Ms. McDaniel's supervisor. Upon Mr. Click's approval, Ms. McDaniel enters the account payments into the computer system and checks are then run in the Business Department.

On appeal, Petitioner argues that Petitioner's duties of processing invoices, which were in the nature of an "accounts payable" function, constitute the majority of her time. Petitioner concedes that the administrative law judge correctly found that the entitlement to the title of Accounts Payable Supervisor depends upon whether or not Petitioner's account payable functions constitute her primary responsibility.[1] Petitioner's testimony provides that she spends approximately half of her day with processing invoices. Level I Hg Trans., p. 14 (13-16). As such, the Court cannot conclude that the Petitioner's accounts payable duties are her primary responsibility. Therefore, this argument is without merit.

---

[1] See *Raleigh Co. Bd. Of Educ. v. Moye*, No. 12-1539, 2013 W. Va. LEXIS 1355 (Nov. 22, 2013) (memorandum decision).

Next, Petitioner argues that the administrative law judge erred in excluding duties involving purchase orders from duties considered to be an accounts payable function. Petitioner contends that purchase orders are part of the same process as invoices; however, no basis is provided for this argument. Therefore, the Court rejects this contention.

Petitioner also argues that since the job description for Secretary III/Accountant III-Accounts Payable lists "process vendor invoices" as being performed by employees in accounts payable, then processing invoices must be an accounts payable function. The administrative law judge found that it is clear that Petitioner performs accounts payable duties; the issue is whether the Petitioner has primary responsibility for accounts payable functions.

The Court has completed a thorough review of the entire record, briefs filed by the parties, and pertinent legal authorities. Here, the record provides that Petitioner works in the Purchasing Department and spends approximately half of her time processing invoices. The administrative law judge found that the separation of duties of receiving and processing of invoice from the paying of accounts is used to ensure accounting is properly performed. We agree with the administrative law judge that it is apparent that Petitioner performs accounts payable duties; however, the record does not provide that these functions are her most important job responsibilities.

For the foregoing reasons, the Court finds that the administrative law judge is not clearly wrong in finding that the Petitioner has failed to prove by a preponderance of the evidence that she has primary responsibility for accounts payable functions.

## RULING

Accordingly, the Court **ORDERS** the following: The Final Order of the Administrative Law Judge for the West Virginia Public Employees Grievance Board is **AFFIRMED**. Therefore, this matter is hereby **DISMISSED** and **STRICKEN** from the open docket of the Court.

The clerk of the court shall distribute copies of this Order to the following:

4

John E. Roush, Esquire
West Virginia School Service Personnel Association
1610 Washington Street, East
Charleston, West Virginia 25311

Howard E. Seufer, Junior, Esquire
Bowles Rice, LLP
600 Quarrier Street
Post Office Box 1386
Charleston, West Virginia 25325

West Virginia Public Employees Grievance Board
1596 Kanawha Boulevard, East
Charleston, West Virginia 25311


Enter this Order the 19th day of August, 2014.


James C. Stucky, Judge
Thirteenth Judicial Circuit

STATE OF WEST VIRGINIA
COUNTY OF KANAWHA, SS
I, CATHY S. GATSON, CLERK OF CIRCUIT COURT OF SAID COUNTY
AND IN SAID STATE, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE COPY FROM THE RECORDS OF SAID COURT
GIVEN UNDER MY HAND AND SEAL OF SAID COURT THIS
DAY OF _____ 2014
CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA _____ CLERK

5