# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Debra Sayre, Respondent Below,**
**Petitioner**

**vs) No. 15-0336** (Kanawha County 14-AA-119)

**Mason County Board of Education,**
**Petitioner Below, Respondent**

**FILED**

January 11, 2016
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Debra Sayre, by counsel John Everett Roush, appeals the Circuit Court of Kanawha County's March 17, 2015, order reversing the West Virginia Public Employee Grievance Board's ("Grievance Board") November 14, 2014, order finding that petitioner was a school secretary entitled to back-pay. Respondent Mason County Board of Education ("MCBE"), by counsel Richard S. Boothby and Howard E. Seufer, Jr., filed a response. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in finding that she was an administrative secretary who had always been required to work eight-hour days and that she was not entitled to back-pay.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Beginning in 2010, petitioner was employed by respondent during the school year as a secretary at the Mason County Career Center vocational school. Petitioner held a 220-day employment term and worked seven-hour days as a school secretary. In May of 2011, respondent asked petitioner if she wanted to work in the maintenance department in addition to working at the Mason County Career Center. Petitioner agreed and respondent increased petitioner's employment term to 261 days, including paid vacation, and designated her "a secretary for Mason County Career Center and Director of Vocational/Maintenance." On July 1, 2011, respondent eliminated the service personnel work schedule and directed all of its secretaries, including petitioner, to begin working eight-hour days beginning in the 2011-2012 school year.

In July of 2011, petitioner filed a grievance against respondent contesting the increase of her daily work schedule to eight hours on the basis that the increase was effected without giving petitioner proper notice or an opportunity to be heard prior to the change, in violation of West Virginia Code §18A-2-6. Petitioner also contested the increase of time in the work day because it violated the non-regulation clause contained in West Virginia Code §18A-4-8(m). Petitioner's

1

grievance was consolidated with other similarly situated employees and proceeded to a Level III hearing before the Grievance Board, which granted the grievances and awarded the secretaries back-pay for the extra hour they worked per day without compensation. Respondent appealed the Grievance Board's decision to the Kanawha County Circuit Court, who affirmed the Grievance Board's decision by order on July 9, 2013.

In January of 2014, both parties submitted a joint motion for clarification of relief. The joint motion stated that petitioner, unlike the other secretaries in the consolidated grievance, was designated "a secretary for Mason County Career Center and Director of Vocational/Maintenance" on July 1, 2011. The joint motion stated that all secretaries who work for a director, as petitioner does, are considered "administrative secretaries," and not "school secretaries" as the other secretaries in the grievance were labeled.

In May of 2014, the circuit court remanded the case for further evidence to clarify whether petitioner was an administrative secretary or a school secretary for the purposes of compensation. In October of 2014, the Grievance Board heard testimony on the issue and entered its decision on November 14, 2014, finding that petitioner was a school secretary and there, entitled to back-pay compensation.

In March of 2015, the circuit court reversed the Grievance Board's decision finding that, according to the evidence presented, petitioner was an administrative secretary. The circuit court further found that the administrative law judge was wrong when he found petitioner to be a school secretary entitled to back-pay. Petitioner now appeals this order.

We have previously established the following standard of review:

> "Grievance rulings involve a combination of both deferential and plenary review. Since a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly entitled to deference. Plenary review is conducted as to the conclusions of law and application of law to the facts, which are reviewed de novo." Syllabus Point 1, *Cahill v. Mercer County Bd. of Educ.*, 208 W.Va. 177, 539 S.E.2d 437 (2000).

Syl. Pt. 1, *Darby v. Kanawha Cty. Bd. of Educ.*, 227 W.Va. 525, 711 S.E.2d 595 (2011). Upon our review, the Court finds no error in the circuit court's decision below.

Upon our review and consideration of the circuit court's order, the parties' arguments, and the record submitted on appeal, we find no error by the circuit court. Our review of the record supports the circuit court's decision to overturn the administrative law judge's ruling based upon the specific findings and the arguments on appeal, which were also argued below. Indeed, the circuit court's order includes well-reasoned findings and conclusions as to the assignment of error raised on appeal. Given our conclusion that the circuit court's order and the record before us reflect no error, we hereby adopt and incorporate the circuit court's findings and

conclusions as they relate to petitioner's assignment of error raised herein and direct the Clerk to attach a copy of the circuit court's March 17, 2015, "Final Order" to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: January 11, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISQUALIFIED:**

Justice Margaret L. Workman

# IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**MASON COUNTY BOARD OF EDUCATION,**
**Petitioner,**

v.                                                              Civil Action No. 14-AA-119
                                                                Judge Louis H. Bloom
**DEBRA SAYRE,**
**Respondent.**

## FINAL ORDER

Pending before the Court is a *Petition for Appeal* filed on December 2, 2014, by the

Petitioner, Mason County Board of Education (MCBE). The Petitioner requests that this Court

reverse the decision of the West Virginia Public Employees Grievance Board (Board) entered on

November 14, 2014, and determine that the Respondent, Debra Sayre, is not entitled to back pay

for each hour she worked greater than 35 hours per week for the 2011–2012 and 2012–2013

school years, until her prior work schedule was restored on or about May 8, 2013. Upon review

of the parties' legal memoranda, the record, and the applicable law, the Court finds and

concludes as follows.

## STANDARD OF REVIEW

Review of a decision of the Grievance Board is governed by W.Va. Code § 6C-2-5(b),

which provides the grounds upon which a decision may be reviewed for error. Specifically,

W.Va. Code § 6C-2-5(b) states as follows:

> A party may appeal the decision of the administrative law judge on
> the grounds that the decision:
> (1) Is contrary to law or a lawfully adopted rule or written policy
> of the employer;
> (2) Exceeds the administrative law judge's statutory authority;
> (3) Is the result of fraud or deceit;
> (4) Is clearly wrong in view of the reliable, probative and
> substantial evidence on the whole record; or
> (5) Is arbitrary or capricious or characterized by abuse of discretion
> or clearly unwarranted exercise of discretion.

1

More particularly, review of grievance rulings involves a combination of deferential and plenary review. A reviewing court is obligated to give deference to factual findings rendered by the Board, while conclusions of law and application of law to the facts are reviewed *de novo*.[1] Further, the "clearly wrong" and "arbitrary and capricious" standards of review are deferential ones, which presume that an administrative agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis.[2]

## FINDINGS OF FACT

### *Procedural History*

1. On July 1, 2011, the Respondent filed a grievance, alleging that MCBE "extended Grievant's daily schedule for the 2011–2012 school year and future school years without the consent of the Grievant and without due process. . . ." Her grievance was consolidated with fifty other MCBE service personnel and proceeded to a Level III Hearing before the Board, which granted the grievances and awarded the secretaries back pay for the extra hour they worked per day without compensation. The MCBE appealed the Board's decision to this Court in Civil Action No. 13-AA-23, styled *The Board of Education of the County of Mason v. Rita Nott, et al.* This Court affirmed the Board's decision in a *Final Order* entered on July 19, 2013, finding that that school secretaries, cooks, and aides named in the appeal were directed to work forty hours per week without additional compensation, their consent, and proper notice. Therefore, this Court found the school secretaries, cooks, and aides were entitled to back-pay.[3]

---

[1] Syl. pt. 1, *Cahill v. Mercer Cnty. Bd. of Educ.*, 208 W.Va. 177, 539 S.E.2d 437 (2000).

[2] *Webb v. W. Va. Bd. of Med.*, 212 W. Va. 149, 155, 569 S.E.2d 225, 231 (2002) (Per Curiam) (internal quotation marks and citations omitted).

[3] See Final Order, Civil Action No. 13-AA-23, July 29, 2013.

2. On January 13, 2014, counsel for both parties submitted a *Joint Motion for Clarification of Relief.* The *Joint Motion* states that the Respondent, unlike the other secretaries in Civil Action No. 13-AA-23, was designated a "secretary for Mason County Career Center and the Director of Vocational/Maintenance" on July 1, 2011. The *Joint Motion* states that all secretaries who work for a director, as the Respondent does, are considered "administrative secretaries," and not "school secretaries" as the other secretaries in Civil Action No. 13-AA-23 were labelled.[4]

3. On May 14, 2014, this Court remanded the case for further evidence to clarify whether the Respondent was an administrative secretary or a school secretary for purposes of compensation. On October 3, 2014, the Board heard testimony on the issue of Ms. Sayre's employment status, title, and compensation. The Board entered its decision on November 14, 2014, finding Ms. Sayre to be a school secretary and therefore entitled to the same back-pay awarded to the other respondents in Civil Action No. 13-AA-23.

### *Factual History*

4. During the 2010–2011 school year, the MCBE employed Ms. Sayre as a school secretary at the Mason County Career Center with a 220-day employment term and a seven-hour workday. As a school secretary, the Respondent's day-to-day work focused on the financial aspects of the Career Center's operations, including accounting for grant funds.[5]

5. Under MCBE policy 4251, school secretaries work seven hours per day and administrative secretaries work eight hours per day.[6]

6. In May 2011, Ruth Caplinger, MCBE's director of vocational/maintenance, principal of the career center, and supervisor over the school nurses, and Suzanne Dickens, the

---

[4] *See Mason County School Policy 1540*, Attachment, Joint Mot. for Clarification, Civil Action No. 13-AA-23.

[5] *See* Sayre Test., Level III Hr'g Tr. 21:19–20, Oct. 3, 2014.

[6] Resp't Ex. 1, Level III Hr'g, Oct. 3, 2014; Resp't Ex. 4, Level I Hr'g, August 10, 2012.

3

superintendent of schools for the board, asked Ms. Sayre if she wanted to work in the Maintenance Department in addition to working in the Mason County Career Center.[7] Ms. Sayre agreed, and the MCBE approved.[8] In return for the added responsibility, Ms. Sayre was given a 261-day contract, which, unlike the 220-day contract, includes paid vacation.[9]

7.  The motion approved by the MCBE states:

> Recommended Action[:] Recommend the [MCBE] approve the increase in employment days from 220 days to 261 days for Debbie Sayre, secretary for Mason County Career Center and the Director of Vocational/Maintenance, as recommended by the Reclassification Committee, Effective July 1, 2011. County will be the funding source. . . . This is based on the fact that all other directors have a 261 day secretary.[10]

8.  After the Respondent consented to become secretary for Mason County Career Center and Ms. Caplinger, the Director of Vocational/Maintenance, her duties remained the same. Ms. Sayre testified: "I still do all of the finances at the career center. The only difference is . . . I go down to the Maintenance Department for about an hour—between a hour and two hours a day, depends on when I'm needed or how much work there is, to do the finances . . . ."[11] While the Respondent's duties remained the same, she worked through the summer, unlike school secretaries.[12]

---

[7] Sayre Test., Level III Hr'g Tr. 15:16–20, Oct. 3, 2014; Caplinger Test., Level III Hr'g Tr. 35:15–21, Oct. 3, 2014.Ms. Caplinger testified:

> If I remember correctly, I suggested to Mrs. Dickens—we were trying to figure out how we could bet some secretarial help there. I said to Mrs. Dickens, "May we should ask Mrs. Sayre, who does a very good job with the career center and financial books, to come in and do the financial part of the secretarial work for the Maintenance Department."

[8] Sayre Test., Level III Hr'g Tr. 16:23; Grievant's Ex. 2, 3, Level III Hr'g, Oct. 3, 2014.

[9] Sayre Test., Level III Hr'g Tr. 15:20, 69:24, 70:1–3; Dickens Test., Level III Hr'g Tr. 57:15–18, Oct. 3, 2014.

[10] Grievant's Ex. 2, Level III Hr'g, Oct. 3, 2014.

[11] Sayre Test., Level III Hr'g Tr. 22:19–23, Oct. 3, 2014; see Caplinger Test., Level III Hr'g Tr. 44:13–21, Oct. 3, 2014.

[12] Caplinger Test., Level III Hr'g Tr. 36:14–20, 37:12–20, Oct. 3, 2014.

4

9. On July 1, 2011, the MCBE instated a new policy that all school secretaries would be required to work eight-hour days rather than seven-hour days, and the regular work week for all such employees would consist of forty hours rather than thirty-five.

10. Prior to July 2011, "administrative secretaries" worked eight hours per day, and "school secretaries" worked seven hours per day pursuant to school policy.[13] The policy does not define "administrative secretary" or "school secretary." However, it is undisputed that no secretary employed under a 261-day contract worked seven hours rather than eight.[14] Further, no MCBE "school secretaries" are employed with a 261-day contract.[15] Between school and administrative secretaries, only administrative secretaries have 261-day contracts and only administrative secretaries have paid vacation.[16]

11. On February 7, 2013, the Respondent, as well as the other secretary respondents in Civil Action No. 13-AA-23, signed a "Consent to Adjustment of Work Assignment," agreeing to work an eight-hour work day without any change in compensation.[17] At the bottom of the document, the Respondent wrote next to her signature, "I don't understand."[18] The Respondent testified she wrote "I don't understand" because she did not understand why she had to work an eight hour day without an extra hour of pay.[19]

---

[13] *Mason County School Bylaws & Policies, 4251 – Service Personnel Work Schedule*, Attachment, Joint Mot. for Clarification, Civil Action No. 13-AA-23.

[14] Resp't's Br. 6, Mar. 2, 2015; Pet'r's Br. 6, Jan. 28, 2015.

[15] Sayre Test., Level III Hr'g Tr.69–70, Oct. 3, 2014.

[16] Dickens Test., Level III Hr'g Tr. 57:15–22, Oct. 3, 2014.

[17] Grievant Ex. 3, Level III Hr'g, Oct. 3, 2014.

[18] Sayre Test., Level III Hr'g Tr. 67–68, Oct. 3, 2014.

[19] *Id.* at 67:15–20.

5

12. The Respondent testified that Ms. Caplinger directed the Respondent to resume working seven-hour days on or about May 8, 2013.[20] Ms. Caplinger denies ever having directed the Respondent to do so.[21]

13. On July 1, 2013, secretaries who had been ordered to work seven-hour days on or about May 8, 2013, resumed working eight-hour days.[22]

## DISCUSSION & CONCLUSIONS OF LAW

14. In its *Petition* and *Brief,* the MCBE asserts the Board erred by: (1) failing to conclude the Respondent was an administrative secretary when the Respondent voluntarily agreed to a 261-day contract; (2) relying on Ms. Sayre's subjective understanding of the terms of her employment rather than the MCBE's written, published, and lawful policy; (3) relying on Ms. Caplinger's *ultra vires* actions that treated the Respondent as a school secretary; (4) failing to find that the Respondent was not entitled to back-pay when the Respondent received additional pay and benefits; (5) by failing to find that an award of back-pay violates W. Va. Code § 18A-4-5b and by finding that the Respondent's lack of notice of the increased workday as a result of her acceptance of the 261-day contract supports the award of back-pay.

15. The Court notes that the instant matter does not involve a disciplinary matter, so the burden is on the Respondent to prove his grievance by a preponderance of the evidence.[23] Generally, preponderance of the evidence is defined as evidence which is of greater weight or more convincing than the evidence offered in opposition to it—that is, evidence which as a whole shows the fact sought to be provided is more probable than not. In other words, the

---

[20] Caplinger Test., Level III Hr'g Tr. 38–39, Oct. 3, 2014.

[21] *Id.* at 41:10–18.

[22] *Id.* at 38–39.

[23] W. Va. St. R. § 156-1-3.

6

Respondent has the burden to prove by a preponderance of the evidence that she is a "school secretary" entitled to the same back-pay as the other school secretaries named in Civil Action No. 13-AA-23.

16. The Board found the Respondent's eight-hour work day and the Respondent's acceptance of a 261-day contract to work for Ms. Caplinger in addition to the Career Center did not render her an administrative secretary. The Board reasoned:

> Although the evidence indicates that other secretaries with 261-day contracts were considered administrative secretaries and required to work an 8-hour work day prior to July 1, 2011, MCBOE did not object to the inclusion of Grievant with the other school service personnel who collectively pursued their grievance to a successful conclusion at Level Three and in the Circuit Court of Kanawha County. Further, after this Grievance Board's decision in *Nott* [Civil Action No. 13-AA-23], Grievant's work day was reinstated to a 7-hour work day, one hour less than these other employees who were considered administrative secretaries. . . . These events demonstrate that MCBOE never treated Grievant as an administrative secretary who was already required to work an 8-hour day.[24]

17. The Board's decision relies on the Respondent being ordered by Ms. Caplinger to work a seven-hour day on May 8, 2013, after she had been working eight-hour days as a secretary for the Career Center and Ms. Caplinger.[25] The Respondent testified that Ms. Caplinger directed her to work seven-hour days on May 8, 2013. However, Ms. Caplinger testified that she did not direct the Respondent to work seven-hour days on May 8, 2013.[26] The Board does not address this part of Ms. Caplinger's testimony.

18. The Board's decision also relied on the Respondent's subjective understanding of her job title. Specifically, the Board relied on MCBE's failure to inform the Respondent that her new

---

[24] Bd. Decision 10, 11, Nov. 14, 2014.

[25] *Id.*

[26] Caplinger Test., Level III Hr'g Tr. 41:10–18, Oct. 3, 2014.

7

000294

responsibilities and benefits rendered her an "administrative secretary." It is undisputed that the Respondent was not informed of her new title. However, a government employee's basis for understanding terms of her employment cannot override state law that defines the terms of employment.[27] Under MCBE policy 4251, school secretaries work seven hours per day and administrative secretaries work eight hours per day. Under MCBE policy 1540, Ms. Caplinger, as a director of vocational/maintenance, is an administrator. The Respondent worked for eight-hour days for Ms. Caplinger as well as the Career Center. Therefore, the Respondent is an administrative secretary.

19. Notwithstanding Ms. Caplinger's alleged directive to work seven-hour days and notwithstanding the Respondent's subjective understanding of her job title, the remaining facts suggest that the Respondent is an administrative secretary. Secretaries to a director such as Ms. Caplinger are known as administrative secretaries at MCBE. No "school secretary" works for a director. No "school secretary" works through the summer. Administrative secretaries, and not school secretaries, have 261-day contracts. The Respondent consented in writing to a 261-day contract. As a result, the Respondent received benefits available to administrative, and not school, secretaries, including paid vacation.

20. Therefore, the Court finds that the Board was clearly wrong when it found the Respondent to be a school secretary entitled to back-pay.[28] The Respondent failed to prove by a preponderance of the evidence that she was a school secretary entitled to back-pay awarded to the other grievants in Civil Action No. 13-AA-23.

---

[27] Syl. pt. 6, *Logan Cnty. Educ. Ass'n v. Logan Cnty. Bd. of Educ.*, 180 W. Va. 326, 376 S.E.2d 340 (1988).

[28] Because the Court finds the Board clearly wrong in its findings, the Court does not address Petitioner's additional arguments regarding Ms. Caplinger's alleged *ultra vires* acts or regarding whether an award of back-pay violates W. Va. Code § 18A-4-5b.

8

## DECISION

Accordingly, the Court does **REVERSE** the Board decision entered on November 14, 2014, and does **GRANT** the *Petition*. There being nothing further, the Court does **ORDER** that the above-styled appeal be **DISMISSED** and **STRICKEN** from the docket of the Court. The objections of any party aggrieved by this *Order* are noted and preserved. The Clerk is **DIRECTED** to send a certified copy of this *Order* to all counsel of record.

**ENTERED** this _17_ day of March 2015.

_____
Louis H. Bloom, Judge



9