# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Tina Grace, Petitioner Below,
Petitioner**

**vs) No. 15-0525** (Kanawha County 15-AA-11)

**Mingo County Board of Education,
Respondent Below, Respondent**

**FILED**

**March 7, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Tina Grace, by counsel Richard A. Robb, appeals the Circuit Court of Kanawha County's May 8, 2015, order affirming the West Virginia Public Employee Grievance Board's ("Grievance Board") January 9, 2015, order denying her motion to reinstate her grievance. Respondent Mingo County Board of Education, by counsel Rebecca M. Tinder, filed a response and a supplemental appendix. Petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in finding that she was not entitled to reinstate her grievance.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Beginning in September of 1998, petitioner was employed by the Mingo County Board of Education ("MCBE") as a full-time special education teacher. By letter dated September 26, 2011, Randy Keathley, Superintendent of Mingo County Schools, notified petitioner that respondents received reports that petitioner slapped a mentally and physically handicapped

---

[1]We note that petitioner initially lists six assignments of error in her brief to this Court each related to the circuit court's denial of her grievance: (1) the ALJ's decision violated the fundamental purpose of the West Virginia Public Employees Grievance Board; (2) the ALJ's decision violated the fundamental principle of adjudicating matters on the merits; (3) the ALJ's decision was arbitrary because it was based upon findings from another forum; (4) the ALJ's decision failed to strictly construe the laws in favor of petitioner; (5) the ALJ's decision ignored the "endemic corruption affliction Mingo County;" and (6) the ALJ's decision was clearly wrong. To better address those issues, we summarize petitioner's assignments of error into a single assignment of error.

student and withheld food as a form of punishment. Petitioner was immediately suspended with pay, pending an investigation into the allegations. Additionally, the West Virginia Department of Health and Human Resources ("DHHR") conducted its own investigation.

By letter dated December 21, 2011, the Superintendent notified petitioner that she was immediately suspended without pay. Further, the Superintendent recommended the termination of petitioner's employment upon a finding that child abuse occurred and that petitioner used hot sauce as a form of disciple in violation of the Employee Code of Conduct. Thereafter, petitioner filed a grievance against respondent contesting her termination. Subsequently, a hearing was held in January of 2012, before the Assistant Superintendent of the West Virginia Department of Education during which testimony was presented. On March 19, 2012, petitioner was terminated from her employment.

On March 26, 2012, petitioner filed a Level Three Grievance and requested a hearing contesting her termination on the basis that she received insufficient notice of the charges against her and that she was denied the opportunity to confront her accusers when she appeared before a State hearing officer. Subsequently, petitioner was indicted on multiple criminal charges related to her conduct. Prior to a hearing on her grievance, petitioner notified the Grievance Board requesting to withdraw the grievance. By order entered on January 10, 2013, the Grievance Board dismissed petitioner's grievance. On the same day, petitioner entered into a pretrial disposition agreement with the State of West Virginia whereby she agreed to voluntarily dismiss her grievance and remain "permanently terminated from employment with Mingo County Schools." In exchange, the State dismissed the indictment against petitioner.

However, in November of 2014, petitioner filed a "Motion to Rescind Withdrawal and Set Aside Order of Dismissal." Petitioner argued that her motion to withdraw her grievance was "induced by gross unethical, if not illegal, conduct by former Mingo County Prosecutor, C. Michael Sparks." Specifically, Mr. Sparks' conduct was "beneficial to himself and his family personally [and] was detrimental and prejudicial to the grievant in this matter." By order entered January 9, 2015, the Grievance Board denied petitioner's motion finding that it was within the administrative law judge's ("ALJ") discretion to reinstate petitioner's grievance. In denying petitioner's motion, the ALJ found that petitioner voluntarily withdrew her grievance in accordance with her pretrial disposition agreement and that there was no allegation that petitioner's criminal counsel did not act in her best interest when the pretrial agreement was made.[2] Thereafter, petitioner appealed this decision to the circuit court.

On appeal to the circuit court, petitioner argued that 1) the ALJ exceeded his/her statutory authority in denying her request to reinstate her grievance according to West Virginia Code § 6C-2-3(d)[3]; 2) the ALJ frustrated the purpose of the grievance procedure; 3) the original ALJ

_____

[2]Petitioner was represented by different counsel during the grievance and criminal proceedings.

[3]West Virginia Code § 6C-2-3(d), in part, provides that "[t]he grievance may not be reinstated by the grievant unless reinstatement is granted by the chief administrator or the administrative law judge."

dismissing her grievance was required to rule on her motion to reinstate her grievance; 4) the ALJ's decision was arbitrary; 5) she was denied an adjudication on the merits of her grievance; 6) the ALJ's decision ignores the public corruption present in this matter; and 7) the ALJ failed to strictly construe school regulations and laws in favor of the employee. Ultimately, the circuit court affirmed the Grievance Board's decision. It is from that order that petitioner appeals.

We have previously established the following standard of review:

> "Grievance rulings involve a combination of both deferential and plenary review. Since a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly entitled to deference. Plenary review is conducted as to the conclusions of law and application of law to the facts, which are reviewed de novo." Syllabus Point 1, *Cahill v. Mercer County Bd. of Educ.*, 208 W.Va. 177, 539 S.E.2d 437 (2000).

Syl. Pt. 1, *Darby v. Kanawha County Bd. of Educ.*, 227 W.Va. 525, 711 S.E.2d 595 (2011). Upon review of the record submitted on appeal, we find no error in the circuit court's decision below. Petitioner's arguments on appeal mirror those raised before the circuit court.

Upon our review and consideration of the circuit court's order, the parties' arguments, and the record submitted on appeal, the circuit court did not abuse its discretion in affirming the ALJ's ruling below. Our review of the record supports the circuit court's decision to affirm the ALJ's ruling based upon the specific findings and petitioner's arguments, which were also argued below. Indeed, the circuit court's order includes well-reasoned findings and conclusions as to the assignments of error raised by petitioner on appeal. Given our conclusion that the circuit court's order and the record before us reflect no error, we hereby adopt and incorporate the circuit court's findings and conclusions as they relate to petitioner's assignments of error raised herein and direct the Clerk to attach a copy of the circuit court's May 8, 2015, "Final Order" to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: **March 7, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISQUALIFIED:**

Justice Margaret L. Workman

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

FILED

2015 MAY -8 PM 2: 57

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

TINA GRACE,

Petitioner,

v.                                                   Civil Action No. 15-AA-11
                                                     Judge James C. Stucky

MINGO COUNTY BOARD OF
EDUCATION,

Respondent.

## FINAL ORDER

Petitioner Tina Grace ("Petitioner") petitions the final order of the West Virginia Public Employees Grievance Board ("Board") entered on January 9, 2015, denying the motion to rescind Petitioner's prior withdrawal of her grievance against Respondent Mingo County Board of Education ("Respondent").

Petitioner filed a grievance against Respondent on March 26, 2012, contesting her suspension and dismissal from her employment with Respondent. By letter dated January 9, 2013, Petitioner, through her attorney, withdrew her grievance. As requested, the administrative law judge ("ALJ") for the Board dismissed the grievance by order dated January 10, 2013.

Petitioner filed a motion on November 12, 2014, seeking to rescind the prior withdrawal of her grievance and set aside the dismissal order. By decision dated January 9, 2015, the ALJ denied the motion, finding insufficient cause to reinstate the grievance.

Pursuant to West Virginia Code § 6C-2-5, Petitioner appealed the order denying the motion to rescind the withdrawal of her grievance to the Court. A circuit court may reverse, vacate or modify the administrative law judge's decision if the circuit court determines the decision is any of the following:

1

(1) is contrary to law or lawfully adopted rule or written policy of the employer;
(2) exceeds the administrative law judge's statutory authority;
(3) is the result of fraud or deceit;
(4) is clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or
(5) is arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 6C-2-5 (formerly W. Va. Code § 18-29-7).

The West Virginia Supreme Court of Appeals has held "that a final order of the hearing examiner for the West Virginia Educational Employees Grievance Board, made pursuant to W. Va. Code, § 18-29-1, et seq. . . . and based upon findings of fact, should not be reversed unless clearly wrong." Syl. pt. 1, *Randolph County Bd. of Educ. v. Scalia*, 182 W. Va. 289, 387 S.E.2d 524 (1989).

The Supreme Court has further stated the following:

"Grievance rulings involve a combination of both deferential and plenary review. Since a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly entitled to deference. Plenary review is conducted as to the conclusions of law and applications of law to the facts, which are reviewed *de novo*." Syllabus point 1, *Cahill v. Mercer County Board of Education*, 208 W. Va. 177, 539 S.E.2d 437 (2000).

Syl. pt. 1, *Alderman v. Pocahontas Co. Bd. of Educ.*, 223 W. Va. 431, 675 S.E.2d 907 (2009).

### FACTS AND DISCUSSION

By letter dated March 19, 2012, Petitioner was dismissed from her employment with Respondent, stating reasons set forth in a letter suspending her employment on December 21, 2011.

On March 26, 2012, Petitioner, through her attorney, Jane Moran, filed a level three grievance with the Board contesting her suspension and dismissal from employment.

Petitioner was indicted for criminal charges related to the same reports that led to her

2

suspension and dismissal by Respondent. Petitioner was represented by Joshua S. Ferrell in defense of the criminal charges.

On November 28, 2012, Petitioner entered into a Pretrial Disposition Agreement with the Mingo County Prosecuting Attorney's Office whereby the criminal charges would be dismissed in exchange for Petitioner remaining "permanently terminated from employment with Mingo County Schools," and Petitioner agreed to seek voluntary dismissal of her grievance contesting her dismissal. The agreement was signed by Petitioner, Joshua S. Ferrell, and then Prosecuting Attorney, C. Michael Sparks.

By letter of counsel dated January 9, 2013, Petitioner informed the ALJ that "I respectfully request the withdrawal of the Grievance of Tina Grace. Ms. Grace has authorized his request."

On November 12, 2014, Petitioner filed a motion requesting that the Board rescind her prior withdrawal of the grievance and set aside the order dismissing the grievance. By order entered January 9, 2015, the ALJ denied Petitioner's motion, finding that there was "insufficient cause to overturn those decisions and reinstate the grievance." Petitioner appealed the Board's final order to the Court on January 30, 2015.

The crux of Petitioner's argument is the public disclosure of corruption in Mingo County involving the prosecutor with whom she entered the agreement and judge who ratified it warrants rescinding the withdrawal of her grievance. Additionally, Petitioner contends the ALJ exceeded statutory authority by ruling on the motion to rescind withdrawal order.

Petitioner argues the ALJ's order is clearly wrong because it neglects to address the alleged public corruption in Mingo County related to this matter. In support of this contention, Petitioner claims the wife of the former prosecutor of Mingo County brought allegations against Petitioner in an attempt to secure her tenure at Petitioner's former school. However, the record provides that there were multiple witnesses in this matter, along with an independent investigation conducted by the Department of Health and Human Resources. Petitioner further

3

claims that the ALJ's decision inserts incorrect facts in lieu of the alleged scheme of wrongdoing. However, Petitioner fails to pinpoint any factual finding that is incorrect or unsupported by the evidence. Therefore, the Court finds this argument is without merit.

Second, Petitioner maintains that West Virginia Code § 6C-2-3(d) contemplates the same judge granting the dismissal must likewise adjudicate whether that dismissal be withdrawn. "A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syl. pt. 2, *State v. Epperly*, 135 W. Va. 877, 65 S.E.2d 488 (1951).

West Virginia Code § 6C-2-3 (d) provides the following regarding the reinstatement of withdrawn grievances:

> (d) Withdrawal and reinstatement of grievance. — An employee may withdraw a grievance at any time by filing a written notice of withdrawal with the chief administrator or the administrative law judge. The grievance may not be reinstated by the grievant unless reinstatement is granted by the chief administrator or the administrative law judge. If more than one employee is named as a grievant, the withdrawal of one employee does not prejudice the rights of any other employee named in the grievance.

The statute does not provide that the original ALJ assigned to the underlying grievance must also be the ALJ that determines whether to reinstate the grievance. Respondent argues that if this were the case, there could be circumstances in which the original ALJ is no longer employed, whereby no ruling could be issued. The Court agrees. The plain language of the statute confirms that the motion for reinstatement could be ruled upon by the ALJ assigned to the case.

Here, Petitioner, through counsel, voluntarily requested that her grievance be withdrawn. The ALJ held that this action was taken in accordance with the Pretrial Disposition Agreement which Petitioner voluntarily entered into with the advice of independent counsel. Additionally, the ALJ determined there was no indication or allegation that either attorney in the grievance matter or criminal matter improperly represented Petitioner. Accordingly, the ALJ found insufficient cause to overturn those decisions and reinstate the grievance.

4

In this matter, there is no indication or allegation that the aforementioned agreement was unlawful or fraudulent. Likewise, nothing in the record provides that Petitioner was misrepresented by counsel in her grievance proceeding or her separate counsel in the related criminal matter.

The Court has thoroughly reviewed the petition, briefs filed by the parties, entire record, and all pertinent legal authorities. For the forgoing reasons, the Court holds the ALJ is not clearly wrong in finding insufficient cause to reinstate Petitioner's grievance.

## CONCLUSION

The Court **ORDERS** the following: the Decision of the Administrative Law Judge for the West Virginia Public Employees Grievance Board is **AFFIRMED**. Therefore, this matter is hereby **DISMISSED** and **STRICKEN** from the open docket of the Court.

The Clerk of the Court shall distribute copies of this Order to the following:

Richard A. Robb, Esquire
Post Office Box 8747
South Charleston, West Virginia 25303

Rebecca M. Tinder, Esquire
Bowles Rice, LLP
Post Office Box 1386
Charleston, West Virginia 25325

West Virginia Public Employees Grievance Board
1596 Kanawha Boulevard, East
Charleston, West Virginia 25311

Enter this Order the 8th day of May, 2015.

_____
James C. Stucky, Judge
Thirteenth Judicial Circuit

STATE OF WEST VIRGINIA
COUNTY OF KANAWHA, SS
I, CATHY S. GATSON, CLERK OF CIRCUIT COURT OF SAID COUNTY
AND IN SAID STATE, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE COPY FROM THE RECORDS OF SAID COURT.
GIVEN UNDER MY HAND AND SEAL OF SAID COURT THIS
DAY OF
_____, CLERK
CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

5