IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2023 Term

_____

No. 21-0726
_____

FILED

June 14, 2023

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

EVERETT FRAZIER, COMMISSIONER,
WEST VIRGINIA
DIVISION OF MOTOR VEHICLES,
Petitioner Below, Petitioner,

V.

DAVID GAITHER, JR.,
Respondent Below, Respondent.

_____

Appeal from the Circuit Court of Kanawha County
The Honorable Jennifer F. Bailey, Judge
Civil Action No. 19-AA-176

AFFIRMED

_____

Submitted: February 8, 2023
Filed: June 14, 2023

Patrick Morrisey, Esq.
Attorney General
Elaine L. Skorich, Esq.
Assistant Attorney General
Charleston, West Virginia
Attorney for the Petitioner

David Gaither, Jr.
Falling Waters, West Virginia
No Appearance by the Respondent

JUSTICE BUNN delivered the Opinion of the Court.

**SYLLABUS BY THE COURT**

1.      "Upon judicial review of a contested case under the West Virginia Administrative Procedure Act, Chapter 29A, Article 5, Section 4(g), the circuit court may affirm the order or decision of the agency or remand the case for further proceedings. The circuit court shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decisions or order are: '(1) In violation of constitutional or statutory provisions; or (2) In excess of the statutory authority or jurisdiction of the agency; or (3) Made upon unlawful procedures; or (4) Affected by other error of law; or (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.'" Syllabus point 2, *Shepherdstown Volunteer Fire Department v. State ex rel. West Virginia Human Rights Commission*, 172 W. Va. 627, 309 S.E.2d 342 (1983).

2.      "On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W. Va. Code § 29A-5-4[(g)] and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong." Syllabus point 1, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996).

i

3. "Evidentiary findings made at an administrative hearing should not be reversed unless they are clearly wrong." Syllabus point 1, *Francis O. Day Co., Inc. v. Director, Division of Environmental Protection*, 191 W. Va. 134, 443 S.E.2d 602 (1994).

BUNN, Justice:

Petitioner Everett Frazier,[1] Commissioner of the West Virginia Division of Motor Vehicles ("DMV"), appeals from an order entered August 12, 2021, by the Circuit Court of Kanawha County. The DMV complains that the circuit court erred by affirming an order entered by the Office of Administrative Hearings ("OAH") reinstating Respondent David Gaither, Jr.'s, personal driver's license and commercial driver's license. This reinstatement occurred after Mr. Gaither challenged the DMV's finding that he drove under the influence of alcohol. On appeal, the DMV contends that the record contains sufficient evidence to support its earlier finding that Mr. Gaither drove a motor vehicle while under the influence of alcohol. Mr. Gaither makes no appearance before this Court.

We conclude that the DMV has not met its burden of proving by a preponderance of the evidence that Mr. Gaither drove a motor vehicle while under the influence of alcohol. Therefore, we affirm the circuit court's August 12, 2021 order ruling that the OAH's reinstatement of Mr. Gaither's licenses was proper.

---

[1] Since the DMV entered its orders of revocation and disqualification in this case, the Commissioner of the West Virginia Division of Motor Vehicles has changed. Therefore, we have made the necessary substitution of parties pursuant to West Virginia Rule of Appellate Procedure Rule 41(c).

1

# I.

## FACTUAL AND PROCEDURAL HISTORY

Mr. Gaither was involved in a single-vehicle accident in Jefferson County, West Virginia, in the early morning hours of July 17, 2017. The exact time of the crash was unclear from the record. Deputy Bryan McCusker arrived at the scene of the accident around 3:30 a.m., after Mr. Gaither had abandoned his vehicle and left the scene. A witness who had seen Mr. Gaither following the crash was still at the scene when the deputy arrived. The witness stated that he stopped to render assistance after he observed a vehicle that appeared to have crashed into a tree. The witness informed the deputy that he had watched the driver gather his belongings from his vehicle; that the driver seemed disoriented, appeared to have been injured, and had an odor of alcohol; and that the driver left the accident scene on foot carrying a pair of boots and a pair of jeans. Additionally, the witness described the driver's appearance and stated that the driver had blood on his body and his clothes. During his scene assessment, Deputy McCusker checked the vehicle's registration and determined that Mr. Gaither owned the vehicle involved in the crash. The deputy did not report finding any evidence of alcohol consumption in or around Mr. Gaither's vehicle, nor did his investigation reveal any other information establishing the time of the crash, such as the vehicle still feeling warm from having recently been driven.

Approximately two hours later, Deputy McCusker received a report of an individual matching Mr. Gaither's description walking along the road on which the accident had occurred. At about 5:30 a.m., the deputy located Mr. Gaither, who was

2

carrying a single boot and a pair of jeans. Five minutes[2] after encountering him, Deputy McCusker gave Mr. Gaither a preliminary breath test, which indicated the presence of alcohol in his blood.[3] The deputy did not administer any field sobriety tests. Deputy McCusker also detected an odor of alcohol from Mr. Gaither and observed that he was unsteady, had slurred speech and bloodshot eyes, and had blood on his body and clothes. Given Mr. Gaither's apparent injuries, the deputy requested assistance from emergency medical personnel, but, upon their arrival, Mr. Gaither refused treatment. In response to questioning, Mr. Gaither told Deputy McCusker that he had been at a friend's house and crashed his truck on his way to work; Mr. Gaither did not state whether he had consumed alcohol prior to the accident. Another officer transported Mr. Gaither to a residence in Charles Town.

---

[2] A law enforcement officer is required to observe a motorist suspected of driving under the influence of alcohol for at least fifteen minutes before administering a preliminary breath test:

> The preliminary alcohol breath analysis shall be administered after the law enforcement officer has a reasonable belief that the person has been driving while under the influence of alcohol. *The law enforcement officer shall prohibit the person from drinking alcohol or smoking for at least fifteen minutes before conducting the test.*

W. Va. C.S.R. § 64-10-5.2.a (emphasis added).

[3] At the time of the events giving rise to this appeal, the DMV could administratively revoke a driver's license if a *secondary* chemical test showed the motorist had a blood alcohol concentration of 0.08%. *Compare* W. Va. Code § 17C-5A-1(c) (eff. 2008), *and* W. Va. Code § 17C-5A-1 (eff. 2020) (modifying role of DMV in license revocation procedure). Deputy McCusker did not give Mr. Gaither a secondary chemical test following the preliminary breath test he administered upon locating him.

Deputy McCusker consulted his supervisor before seeking a warrant for Mr. Gaither for driving under the influence of alcohol and leaving the scene of an accident. Mr. Gaither was arrested on those criminal charges. Although the charges were later dismissed, the DMV revoked Mr. Gaither's personal driver's license and disqualified him from holding a commercial driver's license by separate orders entered August 16, 2017. Mr. Gaither protested the revocation and disqualification orders and requested an administrative hearing. Following the hearing, by order entered November 25, 2019, the OAH rescinded the DMV's revocation and disqualification orders. The OAH found the DMV had not proven that Mr. Gaither drove a motor vehicle while under the influence of alcohol, and it reinstated both of Mr. Gaither's licenses. The DMV appealed to the Circuit Court of Kanawha County, which affirmed the OAH's rescission and reinstatement order. The DMV now appeals to this Court.

## II.

## STANDARD OF REVIEW

This matter is before the Court following the DMV's unsuccessful appeal from the OAH to the circuit court. Because this case involves an administrative appeal, both the circuit court's and this Court's review is governed by the West Virginia Administrative Procedures Act. *See generally* W. Va. Code § 29A-5-4. The circuit court's review of the OAH's order rescinding the DMV's orders revoking Mr. Gaither's personal

driver's license and disqualifying him from holding a commercial driver's license was

governed by the following standard:

> Upon judicial review of a contested case under the West Virginia Administrative Procedure Act, Chapter 29A, Article 5, Section 4(g), the circuit court may affirm the order or decision of the agency or remand the case for further proceedings. The circuit court shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decisions or order are: "(1) In violation of constitutional or statutory provisions; or (2) In excess of the statutory authority or jurisdiction of the agency; or (3) Made upon unlawful procedures; or (4) Affected by other error of law; or (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

Syl. pt. 2, *Shepherdstown Volunteer Fire Dep't v. State ex rel. W. Va. Hum. Rts. Comm'n*,

172 W. Va. 627, 309 S.E.2d 342 (1983). This Court, in turn, similarly reviews the circuit

court's consideration of an administrative order:

> On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W. Va. Code § 29A-5-4[(g)] and reviews questions of law presented *de novo;* findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong.

Syl. pt. 1, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996). *Accord* Syl. pt. 1,

in part, *Cahill v. Mercer Cnty. Bd. of Educ.*, 208 W. Va. 177, 539 S.E.2d 437 (2000) ("Since

a reviewing court is obligated to give deference to factual findings rendered by an

administrative law judge, a circuit court is not permitted to substitute its judgment for that

5

of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly entitled to deference. Plenary review is conducted as to the conclusions of law and application of law to the facts, which are reviewed de novo.").

## III.

## DISCUSSION

The DMV contends that the circuit court erred by affirming the OAH's ruling that reinstated Mr. Gaither's personal and commercial driver's licenses. Specifically, the OAH found that the DMV "did not prove by a preponderance of the evidence that [Mr. Gaither] drove a motor vehicle in this State while under the influence of alcohol, controlled substances and/or drugs on July 17, 2017." The circuit court affirmed the OAH's ruling stating,

> after considering the totality of the circumstances, the OAH did not err in concluding that the DMV did not prove by a preponderance of the evidence that [Mr. Gaither] drove a motor vehicle in this State while under the influence of alcohol, controlled substances and/or drugs on the date in question.

Our consideration of the DMV's assignment of error begins and ends with the answer to the same query that was at issue in the administrative hearing: "The principal question at the hearing shall be whether the person did drive a motor vehicle while under the influence of alcohol, controlled substances or drugs[.]" W. Va. Code § 17C-5A-2(e)

(eff. 2015).[4] The DMV has the burden of proof in such cases[5] and must prove these facts by a preponderance of the evidence[6] to support an administrative license revocation for driving under the influence. *See also White v. Miller*, 228 W. Va. 797, 802, 724 S.E.2d 768, 773 (2012) (recognizing that "preponderance of the evidence standard pertain[s] to administrative revocation proceedings"). Additionally, Mr. Gaither's qualification for his commercial driver's license depends on the validity of his personal driver's license; thus, revocation of Mr. Gaither's personal driver's license necessitated the contemporaneous disqualification of his commercial driver's license. *See* W. Va. Code § 17E-1-13(i) (eff. 2017) (providing that "a driver is disqualified from operating a commercial motor vehicle for the duration of any suspension, revocation or cancellation of his or her driver's license or privilege to operate a motor vehicle by this state or by any other state or jurisdiction until the driver complies with the terms and conditions for reinstatement set by this state or by another state or jurisdiction"); *cf.* W. Va. Code § 17E-1-13 (eff. 2020) (statutory language following legislative changes to driver's license revocation procedure).

---

[4] While this statute was in effect at the time of the events giving rise to this appeal, the Legislature has recently repealed this provision as part of its statutory amendments restructuring the role of the DMV in driver's license revocation proceedings. *See* Acts of the W. Va. Legislature, Reg. Sess. 2023, H.B. 2564 (eff. May 4, 2023).

[5] W. Va. Code § 17C-5C-4(d) (eff. 2010). *See* note 4, *supra*.

[6] W. Va. Code § 17C-5A-2(j). *See* note 4, *supra*.

To determine whether the DMV's revocation and disqualification orders were proper, we must determine whether the DMV established, by a preponderance of the evidence, that Mr. Gaither drove a motor vehicle while under the influence of alcohol. "'Preponderance of the evidence' is defined as that degree of evidence that is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows the fact to be proved to be more probable than not." *Suhr v. Okorn*, 83 S.W.3d 119, 121 (Mo. Ct. App. 2002) (quotations and citation omitted).

Although the preponderance of the evidence burden of proof is both well-established by the statutes governing administrative license revocation proceedings and well-defined by the common law, the DMV appears to have adopted a different view of this evidentiary standard. The DMV's argument in this case demonstrates the need for the Court to clarify the burden the agency must carry to prove that a driver operated a motor vehicle while under the influence of alcohol, drugs, and/or controlled substances and to uphold an administrative license revocation on those grounds.[7]

---

[7] Similarly, in another case this term, which also involved the revocation of a driver's personal license and the disqualification of her commercial driver's license, questions arose as to the sufficiency of the evidence to support the DMV's actions. *See Frazier v. Yoder*, Nos. 21-0568 & 22-0112, 2023 WL 3750616 (W. Va. June 1, 2023) (memorandum decision). Counsel for the DMV in that case proposed that, where the weight of the evidence essentially amounts to a "coin toss," the Court should rule in the DMV's favor, and the DMV's decision to revoke a driver's license for driving under the influence of alcohol should be upheld. *See id.* at *7 n.15. Evidence amounting to a "coin toss" does not satisfy the DMV's evidentiary burden. "'[A] fact that can only be decided by a coin toss has not been proven by a preponderance of the evidence[.]'" *Id.* (alteration in original; quoting *Pineda v. Hamilton Cnty., Ohio*, 977 F.3d 483, 491 (6th Cir. 2020) (additional quotations and citation omitted)). In other words, "where the proof for a

8

A preponderance of the evidence means that the party with that burden must prove its case by "greater weight." 2 Louis J. Palmer, Jr., *Handbook on Evidence for West Virginia Lawyers* § 1301.03[2], at 640 (7th ed. 2021). "This means merely that the party who has the burden of proof must produce evidence tending to show the truth of such facts that is more convincing . . . as worthy of belief, than that which is offered in opposition." *Id.* In other words, proof by a preponderance of the evidence contemplates evidence that weighs more heavily in favor of one side than the other; thus, the evidentiary scale is not balanced, but rather, tips at least slightly in favor of the party who bears the burden of proof. "'Where the evidence equally supports both sides, a party has not met its burden of proof'" by a preponderance of the evidence. *Darby v. Kanawha Cnty. Bd. of Educ.*, 227 W. Va. 525, 530, 711 S.E.2d 595, 600 (2011) (per curiam) (quoting hearing examiner's order).

Courts—either as fact finders in the first instance or as reviewers of those findings of fact—do not decide evidentiary matters based upon a mere coin flip. *See generally Miller v. Leonard*, 588 So. 2d 79, 83-84 (La. 1991) (explaining role of court when burden of proof is by a preponderance of the evidence but where evidence is balanced). Rather, courts' evidentiary decisions are guided by the respective parties' burdens of proof and whether those burdens have been met. Applying the deferential

proposition is in 'equipoise,' it has not been established by a preponderance of the evidence." *Lynn v. Amoco Oil Co.*, 459 F. Supp. 2d 1175, 1181 (M.D. Ala. 2006) (citation omitted).

standard of review, we agree with the OAH's and the circuit court's finding that the DMV has failed to sustain its burden of proving, by a preponderance of the evidence, that Mr. Gaither drove a motor vehicle while he was under the influence of alcohol.

While the DMV correctly argues on appeal that neither a secondary chemical test nor a field sobriety test is essential to prove that an individual drove while under the influence of alcohol, the record contains very little circumstantial evidence to establish Mr. Gaither's impairment at the time of the accident. *See Reed v. Hill*, 235 W. Va. 1, 9, 770 S.E.2d 501, 509 (2015) ("Neither the DUI [driving under the influence] statutes nor our case law require a PBT [preliminary breath test] or any particular field sobriety test to establish that a driver was under the influence for purposes of administrative revocation.").[8]

The OAH summarized this lack of evidence to support the DMV's revocation and disqualification orders as follows:

> In the instant matter it is undisputed that [Mr. Gaither] was driving a motor vehicle on July 17, 2017[,] and was involved in a motor vehicle accident. . . . It is noted that when [Deputy

---

[8] *Accord* Syl. pt. 1, *Albrecht v. State*, 173 W. Va. 268, 314 S.E.2d 859 (1984) ("There are no provisions in either W. Va. Code, 17C-5-1 (1981), *et seq.*, or W. Va. Code, 17C-5A-1 (1981), *et seq.*, that require the administration of a chemical sobriety test in order to prove that a motorist was driving under the influence of alcohol or drugs for purposes of making an administrative revocation of his driver's license."). *But see* Syl. pt. 2, *Albrecht*, 173 W. Va. 268, 314 S.E.2d 859 ("Where there is evidence reflecting that a driver was operating a motor vehicle upon a public street or highway, exhibited symptoms of intoxication, and had consumed alcoholic beverages, this is sufficient proof under a preponderance of the evidence standard to warrant the administrative revocation of his driver's license for driving under the influence of alcohol.").

McCusker] initially arrived at the scene [Mr. Gaither] had purportedly been injured but had walked away from the accident. There were subsequent reports of a man, covered with blood walking down the roadway in various locations in the area, however, [Deputy McCusker] did not locate [Mr. Gaither] for over two hours after the reported accident. No standardized field sobriety tests were administered, [Mr. Gaither] was not arrested at the time of the incident[,] and no secondary chemical test to determine the blood alcohol concentration of [Mr. Gaither's] blood was performed. [Deputy McCusker's] testimony regarding his observations of [Mr. Gaither's] indicia of intoxication is credible, however, there was an excess of two (2) hours between the time [Deputy McCusker] investigated the crash, and the location of [Mr. Gaither] became known. The witness did not appear at the administrative [hearing] to offer testimony in regard to his observation of [Mr. Gaither] at the scene of the crash[,] and no evidence was presented to [establish] wh[at] . . . time the crash had occurred or the time period that had lapsed between the crash and the witness's observations. Further, no evidence was presented to establish that [Mr. Gaither] consumed alcohol prior to the operation of his vehicle.

The circuit court echoed these same concerns about the lack of evidence presented by the DMV to prove that Mr. Gaither was driving under the influence at the time of the accident when it affirmed the OAH's decision. The circuit court also emphasized that Deputy McCusker had failed to observe Mr. Gaither for fifteen minutes before administering the preliminary breath test, and the lack of field sobriety or secondary chemical tests. Finally, the circuit court found that the only evidence that Mr. Gaither drove under the influence "put forth by the DMV . . . is the unsworn hearsay statement of the alleged witness on the scene of the crash contained in [Deputy McCusker's] narrative attached to the criminal complaint." The circuit court explained that even if the witness's

11

statement is considered despite its "questionable reliability," "there is nothing in the testimony below or the documentary evidence that establishes when the accident took place or how long after the accident . . . the witness observed [Mr. Gaither] and noticed the scent of alcohol coming from [Mr. Gaither's] person." The circuit court concluded by stating that "simply smelling like alcohol is not enough to establish that [Mr. Gaither] drove a vehicle in this [S]tate while impaired."

Despite these well-reasoned findings that the DMV failed to prove that Mr. Gaither drove while under the influence, the DMV nevertheless asks this Court to reweigh the evidence considered by the OAH and the circuit court, and the conclusions they reached, to find in its favor. We decline this invitation because "[e]videntiary findings made at an administrative hearing should not be reversed unless they are clearly wrong." Syl. pt. 1, *Francis O. Day Co., Inc. v. Dir., Div. of Env't Prot.,* 191 W. Va. 134, 443 S.E.2d 602 (1994). We find no clear error in either the OAH's or the circuit court's interpretations of the evidence presented by the DMV in support of its revocation and disqualification orders. We also agree with the conclusions reached by the OAH and the circuit court that there are simply too many unknown facts to establish, by a preponderance of the evidence, that Mr. Gaither drove under the influence at the time of his accident. Because we find no error in the OAH's findings of fact or the circuit court's consideration of those facts, we affirm the circuit court's order upholding the OAH's reinstatement of Mr. Gaither's personal and commercial driver's licenses.

## IV.

## CONCLUSION

For the foregoing reasons, we find that the DMV has not established by a preponderance of the evidence that Mr. Gaither drove a motor vehicle while under the influence of alcohol. Therefore, the August 12, 2021 order of the Circuit Court of Kanawha County upholding the administrative order rescinding the license revocation and disqualification and reinstating Mr. Gaither's personal driver's license and commercial driver's license is affirmed.

Affirmed.